**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-6185**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WILLIAM JEFF ALMOND,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, Chief District Judge. (5:06-cr-00184-D-1; 5:16-cv-00291-D)

Submitted: April 17, 2018                    Decided: April 20, 2018

Before WILKINSON and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

William Jeff Almond, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Jeff Almond seeks to appeal the district court's orders granting partial relief on his 28 U.S.C. § 2255 (2012) motion and partially granting his subsequent Fed. R. Civ. P. 60(b) motion for relief from judgment. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

When the United States or its officer or agency is a party, the notice of appeal must be filed no more than 60 days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court's order disposing of Almond's Rule 60(b) motion was entered on the docket on December 15, 2017. The notice of appeal was filed on February 23, 2018.[*] Because Almond failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); *Houston v. Lack*, 487 U.S. 266 (1988).